Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50343 | **DATE** | 11/5/2003 |
| **CASE TITLE** | Martinez vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the motion for reduction in sentence and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| X | Notices mailed by judge's staff. | | NOV 14 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | 2003 NOV -6 AM 11:14 Date/time received in central Clerk's Office | 11-6-03 date mailed notice CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Petitioner, Jose Rafael Martinez, filed a <u>pro se</u> motion to reduce his sentence, relying on 18 U.S.C. § 3582 (C), 28 U.S.C. § 2241, and U.S.S.G. § 5K2.0. The government has submitted a written response objecting to the motion.

Section 3582 does not provide a basis for relief in this case as it only applies when a defendant's sentencing range has subsequently been lowered by the Sentencing Commission, see 18 U.S.C. § 3582 (C)(2), or when a defendant meets the criteria for a reduction under Fed. R. Crim. P. 35, see 18 U.S.C. § 3582 (C)(1)(B).

Petitioner here cannot avail himself of section 3582 because there is no indication the applicable sentencing range has been lowered. His reliance on <u>United States v. Rodriguez-Lopez</u>, 198 F. 3d 773 (9th Cir. 1999), and <u>United States v. Galvez-Falconi</u>, 174 F. 3d 255 (2d Cir. 1999), is misplaced as both of those cases were decided prior to his being sentenced.

Petitioner also does not qualify for a reduction of sentence under Rule 35 because there is no suggestion of an arithmetical, technical, or other clear error nor any indication that defendant has provided substantial assistance prompting the government to seek such a reduction.

Lastly, petitioner has expressly waived any right to collateral attack in his written plea agreement. See <u>Mason v. United States</u>, 211 F. 3d 1065, 1069 (7th Cir. 2000). Thus, petitioner has waived any claim under either section 2241 or 28 U.S.C. § 2255. While he does not expressly refer to section 2255, such relief has been expressly waived via the plea agreement. Nor has petitioner raised any claim of ineffectiveness of his counsel related to the plea negotiation process. See <u>Mason</u>, 211 F. 3d at 1069.

Petitioner also cannot rely on section 2241 absent an allegation that section 2255 is inadequate or ineffective to test the legality of his detention. See <u>Kramer v. Olson</u>, No. 03-2187, slip op. at 4 (7th Cir. Oct. 10, 2003). To do so he would have to allege that section 2255's limitation on multiple motions prevents him from obtaining review of a legal theory establishing his actual innocence. See <u>Kramer</u>, slip op. at 4. Petitioner has not done so here, nor is it apparent that such an approach would apply to a reduction in sentence.

For the foregoing reasons, the court denies the motion for reduction in sentence and dismisses this cause in its entirety.